IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUL 11  P 12: 44

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| ROBERT W. PERRIN,<br>2108 W. Coolidge Street<br>Phoenix, Arizona 95015<br><br>    Claimant,<br>v.<br><br>PHILIP J. SCHROEDER, MD, and<br>Western Maryland Medical Arts Center<br>12502 Willowbrook Road, Suite 580<br>Cumberland, MD 21502<br>Allegany County, Maryland<br><br>WESTERN MARYLAND HEALTH<br>SYSTEM CORPORATION,<br>12400 Willowbrook Road<br>Cumberland, MD 21502<br>Allegany County, Maryland<br><br>    Defendants | L11CV1896<br><br>Civil Case No.: |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Now comes plaintiff, Robert W. Perrin, by and through his undersigned attorneys, Thomas O'Toole and Baroody & O'Toole, and sues Philip J. Schroeder, MD and Western Maryland Health System Corporation, and for reasons says:

### PARTIES, JURISDICTION, AND VENUE

1   Mr. Perrin is a resident of the State of Arizona.

2   Upon information and belief, Philip J. Schroeder, M.D. (hereinafter also referred to as "Dr. Schroeder") is a resident of the State of Maryland and resides and works in Allegany County, Maryland.

3   Upon information and belief, Western Maryland Health System Corporation is a Maryland corporation with its principal place of business in Allegany County, Maryland (hereinafter also referred to as "WMHSC").

4   Federal diversity exists pursuant to 28 U.S.C. §1332 because Mr. Perrin is a resident of the State of Arizona and Defendants are residents of the State of Maryland and the matter in controversy exceeds $75,000.

5   Venue is proper in pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions on which the claim is based occurred in the Southern District of Maryland.

6   Mr. Perrin filed his statement of claim with the Health Care Alternative Dispute Resolution Office.

7   After submitting a certificate of qualified expert along with a report, Mr. Perrin elected to waive arbitration. A copy of the Order of Transfer is attached hereto.

COUNT I
(Negligence)

8   At all times relevant hereto, Dr. Schroeder held himself out to the public and practiced as a medical doctor.

9   At all times relevant hereto, Dr. Schroeder was Mr. Perrin's treating and attending surgical physician.

10  WMHSC provides health care services to the public.

11  Upon information and belief, Dr. Schroeder was an employee and/or agent of WMHSC, acting within the scope of his employment and/or agency while treating Mr. Perrin for and/or on behalf of WMHSC.

12  On February 18, 2008, Mr. Perrin presented to WMHSC for a laparoscopic surgical repair of a left inguinal hernia, which was found during a physical exam.

13  Dr. Schroeder performed the surgery.

14  During the surgery, Dr. Schroeder severed Mr. Perrin's veins.

15  Mr. Perrin suffered significant bleeding, which necessitated an opening through a midline incision.

16  Postoperatively, Mr. Perrin had an angiogram and veno gram performed, which demonstrated patent iliac arteries with a left external iliac vein occlusion with some clot in the femoral vein.

17  Mr. Perrin was transferred from WMHSC to the University of Maryland Medical System in Baltimore, Maryland (hereinafter, "UMMS").

18  On February 19, 2009, Mr. Perrin was admitted to UMMS, where he was treated for the injuries resulting from the surgery. Mr. Perrin was discharged on February 27, 2008.

19  Mr. Perrin incorporates by reference each of the foregoing paragraphs.

20  Defendants owed a duty of care to Mr. Perrin.

21  Defendants breached the standard of care when Dr. Schroeder failed to properly identify Mr. Perrin's vascular anatomy.

22  Defendants breached the standard of care when Dr. Schroeder injured Mr. Perrin's vascular anatomy.

23  Defendants breached the standard of care when Dr. Schroeder failed to properly treat the injury to Mr. Perrin's vascular anatomy, including, but not limited to, improperly suturing Mr. Perrin's injury.

24  Defendants breached the standard of care when Dr. Schroeder failed to consult a vascular surgeon.

25  As a direct and proximate result of Defendants' negligence, Mr. Perrin suffered physical injury, pain, permanent physical damage, emotional trauma, and lost wages.

WHEREFORE, Mr. Perrin sues Defendants, jointly and severally, and seeks and compensatory damages in the sum of Five Hundred Thousand Dollars ($750,000) plus an award of all costs and any other relief the court deems appropriate.

Dated: July 11, 2011                                    Respectfully submitted,

                                                                          _____
                                                                          Thomas O'Toole, Trial Bar 10227
                                                                          Baroody & O'Toole
                                                                          201 North Charles Street, Suite 2102
                                                                          Baltimore, Maryland 21201
                                                                          (410) 539-8413 (telephone)
                                                                          totoolelaw@aol.com (email)
                                                                          (410) 539-8411 (facsimile)
                                                                          Attorneys for Plaintiff

REQUEST FOR JURY TRIAL

Plaintiff, Robert W. Perrin, by and through his undersigned counsel, requests a jury trial in this matter.

                                                                          _____
                                                                          Thomas O'Toole, Trial Bar 10227